CRIMINAL ACTION NO.: 7:25-CR-10-DLB-EBA

UNITED STATES OF AMERICA                                                         PLAINTIFF

V.                             **<u>SENTENCING MEMORANDUM</u>**

LONNIE JAMES MAYNARD
                                                                                  DEFENDANT

  Comes now the Defendant, Lonnie James Maynard, by counsel, and submits the following sentencing memorandum setting forth factors the Court should consider in determining the type and length of sentence sufficient, but not greater than necessary, to comply with the applicable law set forth in 18 U.S.C. § 3553(a), *U.S. v. Booker*, 543 U.S. 220 (2005) and *U.S. v. Fanfan*, 542 U.S. 963 (2004). This matter is before the Court for sentencing as a result of the Defendant's plea of guilt to Count One of the indictment, Production of Child Pornography, a violation of 18 U.S.C. § 2251(a). In support hereof, Defendant relies upon the following discussion of applicable law, relevant facts and circumstances which have important bearing upon consideration of a just sentence in this matter.

  In *United States v. Booker*, 543 U.S. 220 (2005), the United States Supreme Court held that the United States Sentencing Guidelines are not a mandatory constraint on the District Court's sentencing discretion. In *Booker*, the Supreme Court found the United States Sentencing Guidelines (U.S.S.G.) unconstitutional insofar as it required courts to consider conduct at sentencing that was not proven by the government beyond a

reasonable doubt to a jury. As such, the court concluded that the Sentencing Guidelines were simply one of several factors which should be considered pursuant to 18 U.S.C. § 3553(a) in determining an appropriate sentence. As such, the obvious will be stated at the outset.

18 U.S.C. § 3553(a) establishes seven (7) factors that shall be considered by the Court in imposing any sentence. Those factors, and their application to this case, are discussed below:

1. **The nature and circumstances of the offense and the history and characteristics of the defendant**

Lonnie James Maynard was born May 28, 1971, in Pikeville, Kentucky to Lonnie Edward Maynard and Sophie Maynard. Lonnie was raised by both of his parents in Pikeville, Kentucky, in a stable and supportive household, alongside his sister, Winnie Blackburn. Throughout his upbringing, his basic needs were consistently. His father worked as a miner, and Lonnie remained close with his father until he passed in 2014. His mother, Sophie Maynard, is a retired school cafeteria worker and she shares a close relationship with her son. Despite Lonnie's current offense and incarceration, he maintains a close relationship with his sister, Winnie Blackburn, and his nephews Joshua Blackburn and Burnis Blackburn. Please see attached character letters marked as "Exhibit A".

Lonnie married Linda Louise Adams on October 20, 2001, in Pikeville, Kentucky. The two adopted P.M. in 2014. P.M. was orphaned in Haiti and the Maynard's adopted him as a young child. The current prosecution placed an understandable strain on the couple's marital relationship. Although a divorce was granted on July 28, 2025, Lonnie remains in daily contact with his ex-wife and they continue to share a close relationship. Neither Lonnie nor his ex-wife have contact with their son. P.M. had continued to raised

with Mrs. Maynard after Lonnie's arrest but moved out when his mother insisted that he follow rules of conduct in her home.

Lonnie has no history of drug use and has only consumed alcohol on a social basis. Lonnie has been treated for anxiety, diabetes, hypertension, neuropathy in his feet and lingering back issues from a 2011 accident, and GERD. Lonnie is prescribed Buspar, Mounjaro, Lisinopril, and Prilosec. The detention center has added Zoloft as a prescription for his depression. Lonnie is open to participating in mental health treatment and believes he will benefit from such treatment.

Lonnie graduated from Johns Creek High School in Pikeville, Kentucky in 1989. After high school, he attended Alice Lloyd College in Pippa Passes, Kentucky for one semester. From 1990 to 1993, Lonnie completed 15 credit hours at Big Sandy Community and Technical College.

Lonnie was employed as a salesman for TransAmerica Life Insurance Company from 2010-2016, in Pikeville, Kentucky. Prior to his arrest, he was employed at Walter's Auto in Pikeville, Kentucky. He started employment with his company in May 2016 for the sales department and then he later transferred to the finance department. He resigned from his position on February 7, 2025, for reasons solely related to his arrest in this matter.

The facts and circumstances relating to the arrest of Lonnie are straightforward. Lonnie understands and acknowledges his bad decisions that led to his involvement in this matter. Lonnie also understands his actions have caused harm to the identified victim, society as a whole, as well as pain and embarrassment to his family and to himself. Lonnie is looking forward to the opportunity to redeem himself and rebuild his family relationships when he completes his sentence of incarceration. Lonnie is fortunate to have a close family

who will support him and help hold him accountable once he has completed his term of incarceration.

2. **The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes; (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

The Court is obligated to impose a sentence in this matter that recognizes the seriousness of the crime and promotes respect for the law. Lonnie's conduct since his first contact with law enforcement has been exemplary and he is on course to live a crime-free life and become a productive citizen once he has satisfied his obligations to the Court and society. He has been fully compliant with the Court and the expectations of the Detention Center when he was incarcerated.

3. **The kinds of sentences available**

Probation or other alternative sentences are not appropriate in this matter. The total offense level recommended in this case is 40 with a Criminal History Category of I, resulting in a guideline range of 292-365 months. However, as the statutorily authorized maximum sentence of 30 years is less than the maximum of the guideline range, the guideline range is 292 months to 360 months, pursuant to U.S.S.G. §5G1.1( c)(1). The fine range for the instant offense is from $50,000.00 to $250,000.00. Lonnie has objected to the imposition of a five (5) level enhancement under U.S.S.G § 4B1.5. If the court sustains the objection, a final offense level of 35 with a Criminal History Category I results in a recommended guideline range of 168-210. A Memorandum in Support of Defendant's objection is filed contemporaneously herewith.

**4. The kinds of sentences in the sentencing range established by the United States Sentencing Guidelines**

Incarceration, not probation is appropriate in this case.

**5. Any pertinent policy statement established by the Sentencing Commission**

Lonnie is unaware of any "pertinent policy statement established by the sentencing commission" which would have a bearing on the sentencing in this matter.

**6. The need to avoid unwarranted sentencing disparities among defendants with similar records or who have been found guilty of similar conduct**

When considering all the facts and circumstances of this case, the conduct of the Defendant since his indictment, there does appear to be a potential unwarranted sentencing disparity presented in this case. While the USSGs recommend a sentence of 292-365 months, the Judiciary Sentencing INformation (JSIN) data indicate that "[D]uring the last five fiscal years (FY2020-2024), there were 160 defendants whose primary guideline was §2G2.1, with a Final Offense Level of 40 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 160 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 249 month(s) and the median length of imprisonment imposed was 240 month(s).

**7. The need to provide restitution to any victims of the offense**

The Probation officer has recommended that the Defendant be ordered to pay restitution, in an amount that reflects the defendant's relative role in the causal process

that underlies the victim's losses, but which is no less than $3,000. No specific request for restitution has been made to date.

As established in *United States v. Booker*, 125 S. Ct. 738, 756 (2005), the Sentencing Guidelines are merely one of seven factors that must be considered in determining an appropriate sentence. Consideration of the factors discussed above and their applicability to the facts and circumstances in this matter is warranted and required.

It has been said that the primary goals of the justice system are to punish wrongdoers, make victims of crime whole and to hold a person who has committed a crime accountable while attempting to rehabilitate him so he may return to the community and become a productive citizen. Lonnie respectfully asserts that an analysis and application of 18 U.S.C. § 3553(a)(1) and (2) along with the facts and circumstances that gave rise to this indictment, as well as his conduct after arrest, results in a conclusion that imposition of a sentence below the sentencing guideline calculation is appropriate. Lonnie requests mental health treatment be recommended so that he may gain the tools needed to deal with his mental health issues when he is ultimately released from incarceration.

WHEREFORE, based upon the foregoing the Defendant respectfully requests that the court closely consider the §3553 factors described above and vary from the recommended United States Sentencing Guidelines, sentencing Lonnie to a term of incarceration consistent with the analysis above.

Respectfully Submitted,

/s/ Michael B. Fox_____
Michael B. Fox
Fox Law Office
P.O. Box 1450
Olive Hill, KY 41164
(606) 286-5351
(606) 286-5352 (fax)
mike@foxlaw1.com
*Counsel for Defendant,*
*Lonnie James Maynard*

CERTIFICATE OF SERVICE

    I hereby certify that on December 1, 2025, I electronically filed the foregoing with the clerk of the court by using CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Michael B. Fox_____