# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# PIKEVILLE

CRIMINAL ACTION NO. 7:25-CR-010-DLB-EBA

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                  **MEMORANDUM ADDRESSING**
                    **UNRESOLVED GUIDELINE OBJECTIONS**

LONNIE MAYNARD                                                  DEFENDANT

\* \* \* \* \*

Pursuant to the directives of the Court's Sentencing Order, the United States submits to the Court this Memorandum addressing the Defendant's unresolved objection to the Presentence Investigation Report ("PSR") that affect the guideline calculations. As discussed in more detail below, it is the position of the United States that a Five-Level Enhancement under U.S.S.G. §4B1.5(b) applies in this case.

## STANDARD

As is known to this Court, "[a]t sentencing, the court….must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing…." Fed. R. Crim. P. 32(i)(3)(B). In resolving a disputed portion of the PSR, "[t]he court may not blindly accept the PSR, but '[w]hen a defendant fails to produce any evidence to contradict the facts set forth in the PSR, a district court is entitled to rely on those facts when sentencing the

defendant.'" *United States v. Poulsen*, 655 F.3d 492, 513 (6th Cir. 2011) (citing *United States v. Geerken*, 506 F.3d 461, 467 (6th Cir.2007). "The government's burden is triggered when the defendant 'produce[s] some evidence that calls the reliability or correctness of the alleged facts into question' that is more than a 'bare denial.'" *Id*. *United States v. Lang*, 333 F.3d 678, 681 (6th Cir.2003).

"Sentencing judges may engage in judicial fact-finding and consider evidence under a preponderance of the evidence standard." *United States v. Shannon*, 803 F.3d 778, 788 (6th Cir. 2015) (internal citation omitted). "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3; *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *United States v. Silverman*, 976 F.2d 1502, 1512 (6th Cir. 1992) ("[A] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.").

**ARGUMENT**

Maynard's sole objection is to the application of the five-level "pattern" enhancement under U.S.S.G. §4B1.5(b)(1), and its impact on the guideline range. Specifically, Maynard objects to the determination that an image he took (described in ¶

2

28 of the presentence investigation report) was child pornography. The five-level enhancement applies in this case, however, because the image in question meets the statutory definition of child pornography.

The so-called "pattern" enhancement is located in Chapter 4 of the United States Sentencing Guidelines. Specifically, U.S.S.G. §4B1.5(b)(1) states that:

> "In any case in which the defendant's instant offense of conviction is a covered sex crime, neither §4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct: (1) the offense level shall be 5 plus the offense level determined under Chapters Two and Three."

U.S.S.G. §4B1.5(b)(1). Application Note #2 of §4B1.5 defines a covered sex crime as:

> "(A) an offense, perpetrated against a minor, under (i) chapter 109A of Title 18, United States Code; (ii) chapter 110 of such title, not including trafficking in, receipt of, or possession of, child pornography, or a recordkeeping offense; (iii) chapter 117 of such title, not including transmitting information about a minor or filing a factual statement about an alien individual; or (iv) 18 U.S.C. § 1591; or (B) an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (iv) of this note."

U.S.S.G §4B1.5, n. 2. Maynard's crime of conviction is under Chapter 110, so it is covered for the purpose of §4B1.5.

Application note #4(A) describes "prohibited sexual conduct" for the purposes of §4B1.5, importantly, including the offense of producing child pornography. U.S.S.G. §4B1.5, n. 4(A). The note specifically refers to § 2256(8) of Title 18 to define what "child pornography" means in this context. *Id*. The statute provides the following definition:

> "'child pornography' means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

3

> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
>
> (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or
>
> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

18 U.S.C. § 2256(8). Helpfully, 18 U.S.C. § 2256(2)(A) defines "sexually explicit conduct" in relevant part as actual or simulated "lascivious exhibition of the anus, genitals, or pubic area of *any* person." 18 U.S.C. § 2256(2)(A)(v) (emphasis added).

The image at issue is child pornography based on a common sense understanding of the term, but more importantly, the legal definition outlined above. The Kentucky State Police, who initially investigated the case and discovered the image, accurately described it as a picture of Maynard holding his erect penis standing in close proximity over a known minor child's body. In the photo, the minor child is sleeping on a couch with his or her mouth open. Maynard appears to be pointing his erect penis toward the minor child's open mouth. The minor child, who was present for the discovery of the photo, described it similarly stating, "he was standing over top of me and my mouth, and it's just him like a few inches from my face with his penis out in his hand." The United States will make the photograph available for the Court at the sentencing hearing, should the Court wish to view it.

As is noted by the probation officer in the presentence report, the image in question involves the lascivious exhibition of the genitals or pubic area of any person—here, the Defendant Lonnie Maynard. In the photo, Maynard is lasciviously directing, in a

masturbatory fashion, his penis toward the open mouth of a sleeping child. Though the central object of the picture is Maynard's penis, it is clear that its lascivious nature is based on the presence of the child. The pose, with the Defendant standing over the child, is sexually suggestive and its composition was apparently intended to suggest willingness to engage in sexual activity. See *United States v. Mercer-Kinser*, 149 F.4th 870 (6th Cir. 2025). Though the child is technically in the background of the photo, it is the child's presence in combination with the depicted sex act that makes the photo truly lascivious. Importantly, there is little question that the intended design of the photo is to elicit a sexual response in the viewer. *Id.* This visual depiction involves the use of a minor engaging in sexually explicit conduct, as anticipated by the statute. *See* 18 U.S.C. § 2256(8).

While the question of whether or not this scenario constitutes child pornography has apparently gone unanswered in this circuit, courts have previously found that similar depictions to the photo at issue do constitute child pornography. The Eleventh Circuit Court of Appeals in *United States v. Dawson* considered a similar question that is before this Court. In *Dawson*, the court grappled with whether or not an offender "uses" a minor when producing child pornography only by having the minor engage in sexually explicit conduct, or whether an offender "uses" a minor when the minor's presence is the object and focal point of the offender's sexual desire as the offender, not the minor, engages in the sexually explicit conduct. 64 F.4th 1227, 1238 (11th Cir. 2023). The *Dawson* Court explicitly held that "the adverbial prepositional phrase 'to engage in,' which limits the word 'use,' does not require the minor to be actively engaged in sexually explicit conduct." *Id.* at 1237. The *Dawson* court engaged in a lengthy statutory interpretation exercise, ultimately deciding

5

that even passive participation by the minor, such as sleeping, is contemplated by the statute. *Id*. at 1237-38.

*Dawson* is eerily similar to the case at bar. In *Dawson*, the Defendant filmed a video of himself masturbating in close proximity to his passive and clothed daughter. *Id*. Similar to the picture at issue, the *Dawson* defendant's daughter was used as the object of Dawson's sexual desire as he engaged in sexually explicit conduct. "Dawson panned the camera from the child to himself masturbating and back to the child, recording his exposed and erect penis in close proximity to the child . . ." *Id*. The *Dawson* court held that because Dawson's daughter was passively involved in Dawson's sexually explicit conduct by serving as the object of his sexual desire, his actions constituted the use of the minor to produce child pornography. *Id.* Here, the same logic applies. Maynard used the sleeping child as the object of his desire, as is evidenced by his erect penis pointing toward the child. Though the child is passive in the photos at issue, the child's presence serves as the object of the photo while Maynard engages in sexually explicit conduct.

Though the Sixth Circuit Court of Appeals apparently has yet to reach the issue, other courts have come to similar conclusions as the *Dawson* court. See *United States v. Finley* 726 F.3d 483 (3rd Cir. 2013) (Holding that a defendant used a minor to engage in sexually explicit conduct without the minor's conscious or active participation); see also *United States v. Lohse*, 797 F.3d 515 (8th Cir. 2015) (holding that a sleeping child could be used as a "sexual object"). It is clear from the image in question's composition and design that it does, under the statute and persuasive case law, constitute child pornography that was produced by the Defendant. Maynard engaged in a pattern of production of child

6

pornography in this case and the enhancement under U.S.S.G. §4B1.5(b)(1) properly applies.

## CONCLUSION

For the aforementioned reasons, and those to be further discussed at the sentencing hearing, it is the position of the United States that Lonnie Maynard's presentence report is correct, and the enhancement to his offense level contained therein is properly calculated.

                                    Respectfully submitted,

                                    PAUL C. McCAFFREY
                                  ACTING UNITED STATES ATTORNEY

                                  By: s/ Justin E, Blankenship
                                  Justin E. Blankenship
                                  Assistant United States Attorney
                                  601 Meyers Baker Rd., Suite 200
                                  London, KY 40741
                                  (606) 864-5523
                                  Justin.blankenship2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2025, the foregoing was electronically filed through the CM/ECF system, which will send notice of the filing to all counsel of record.

s/ *Justin E. Blankenship*
Assistant United States Attorney
